```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


CHARLES EUGENE TINSLEY,
a/k/a CHARLES JACKSON,             :

      Petitioner,                  :
                                         CIVIL ACTION 09-0058-KD-M
v.                                 :
                                       CRIMINAL ACTION 94-00151-KD-M
UNITED STATES OF AMERICA,          :

      Respondent.                  :
```

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 72)[1] and Respondent's Motion to Dismiss (Doc. 74). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.[2] It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that

---

[1] Petitioner actually filed a "Motion in Violation of 18 U.S.C. § 4242 Rule 12.2(c) Withholding Petitioner's Mental Examination Results in a Competency Hearing" (Doc. 72). In his Motion, Jackson asserts that "his guilty plea and resulting sentence was entered in accordance with Rule 11" (Doc. 72, p. 2). The Court has, however, construed this action to be one appropriate under 28 U.S.C. § 2255.

[2] The Hon. Alex T. Howard, Jr. was the district judge who presided over the plea agreement and imposed the challenged sentence (see Doc. 48). Judge Howard subsequently retired from the Court. Consequently, this matter was referred to Chief District Judge Charles Butler, Jr. (see Doc. 64). On June 13, 2008, Jackson filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense which was referred to District Judge Kristi K. DuBose; that Motion was denied (Docs. 66, 70).

Petitioner's Motion to Vacate (Doc. 72) be dismissed and that Respondent's Motion to Dismiss be granted.

In its Motion to Dismiss, Respondent has asserted two different grounds for dismissing this action (Doc. 74). The first ground is that it is barred by the statute of limitations (Doc. 74). Respondent has also asserted that this is Jackson's second petition and, as such, Petitioner needs to seek permission to file it.

The Court notes that Petitioner previously filed a Petition to Alter, Amend or Vacate the Sentence (Doc. 50). That Petition was denied by Judge Howard on November 3, 1997 (Doc. 53).

The Court notes that "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. The Petitioner must seek and obtain this certification "[b]efore a second or successive application . . . is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed." *Lazo v. United States*, 314 F.3d 571, 574 (11th Cir. 2002), *vacated on other grounds sub nom. Gonazlez v. Secretary*, 326 F.3d 1175 (11th Cir. 2003), *superseding opinion*, 366 F.3d 1253 (11th Cir. 2004) (*en banc*); *accord* Section 2254 Rule 4(b) (when the motion on its face

reflects "that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal"). Petitioner has not obtained the required leave to file this successive petition and therefore this Court is without jurisdiction to rule on it.

Accordingly, it is recommended that Petitioner's Motion to Vacate be dismissed (Doc. 72) and that Respondent's Motion to Dismiss be granted (Doc. 74).[3]  It is further recommended that Judgment be entered in favor of Respondent, the United States of America, and against Petitioner Charles Eugene Tinsley, as known as Charles Jackson.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's

---

[3]Because the Court has reached this determination, it is unnecessary to discuss Respondent's other ground for dismissing the action, *viz.*, that it is barred by the statute of limitations.

>Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

>DONE this 22nd day of July, 2009.

>>s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE