IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES EUGENE TINSLEY a/k/a CHARLES JACKSON, : | |
| Petitioner, : | CIVIL ACTION 09-0058-KD-M |
| v. : | |
| : | CRIMINAL ACTION 94-00151-KD-M |
| UNITED STATES OF AMERICA, : | |
| Respondent. : | |

ORDER

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Recommendation to which objection is made,[1] the Recommendation of the Magistrate Judge dated July 22, 2009 and made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.

It is **ORDERED** that this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 72) be **DENIED** and that this action be **DISMISSED**.

**DONE** and **ORDERED** this **14th** day of **August, 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Petitioner's Objection is based on the claim that "the record makes clear that the district court construed the 'Petition to Alter, Amend Or Vacate The Sentence' (Doc. 50) as a 'Motion to Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255)[']" and so did not comply with the mandate of Castro v. United States, 540 U.S. 375 (2003). (Doc. 79 at 2). Petitioner's objection is refuted by a review of the record which reveals that there can be no doubt that Doc. 50 is a Section 2255 habeas petition. (See Doc. 50 attached hereto). Document 50 is entitled a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" and, in fact, is the very Section 2255 form used for such petitions. As such, this Court did not "construe" Document 50 in any manner.