IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   CRIMINAL ACTION 94-151-KD-M |
| | ) |
| CHARLES EUGENE TINSLEY, | ) |
| a/k/a *Charles Jackson*, | ) |
|         Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Charles Eugene Tinsley's timely response to the Court's preliminary determination that Defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines Amendment 750 because he was sentenced according to the armed career criminal guideline. (Doc. 84).

In its May 29, 2012 order directing Defendant to show cause as to why his motion for a sentence reduction should not be denied, the Court observed that the notes to Section 1B1.10 of the Sentencing Guidelines state that courts may not reduce a defendant's sentence where, because of the operation of another guideline, application of a retroactive amendment to the Guidelines does not have the effect of lowering the defendant's guideline range. See Doc. 84 at 2 (quoting U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1 (2011)). Defendant has responded that, in the aftermath of United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 552 U.S. 85 (2007), courts may disagree with the armed career criminal guideline and depart therefrom based on a policy disagreement with the crack cocaine guideline. (Doc. 85 at 1-2).

Defendant's argument fails to appreciate that Booker and Kimbrough do not apply to § 3582(c)(2) proceedings like this one through which the Court must determine only whether a defendant is statutorily eligible for a sentence modification. See United States v. Dillon, 130 S.

1

Ct. 2683, 2693 (2010).   In Dillon, the Court held that "[Section] 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."   Id. at 2691.

Because Defendant was not sentenced according to the guideline affected by Amendment 750, and because §§ 3582(c)(2) and 1B1.10 authorize a modification only where a defendant's applicable guideline range has subsequently been lowered as a result of a Guidelines amendment, Defendant's motion for a sentence reduction (Doc. 82) is due to be **DENIED** by separate order.

The Clerk is **DIRECTED** to send a copy of this Memorandum to Defendant by U.S. Mail.

**DONE** and **ORDERED** this the **9**th day of **July 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**